IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ERNEST HARRIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:14-cv-279 |
| JOHN DOE, BRIAN SIHMITT, OFFICER OMALLEY, OFFICER ZIGARELLA, OFFICER SPANGIER, and REGINA MCDONALD, Chief of Police | ) | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) | |

**MEMORNADUM ORDER DENYING PLAINTIFF'S MOTION TO AMEND**

Presently before the Court is Plaintiff Ernest Harris' motion to amend his amended complaint. (ECF No. 42). Specifically, Plaintiff wishes to amend his complaint to add a federal prosecutor who was involved in his criminal proceedings. Defendants' motion to dismiss, which is also pending before the Court, asserts that "a federal prosecutor (not Defendants) properly pursued charges against [Plaintiff]." (Def.s' Mot. to Dismiss ¶ 5, ECF No. 30). As a result of this statement by Defendants, Plaintiff wishes to amend his complaint to add the federal prosecutor in his lawsuit in which he is seeking recovery for malicious prosecution. Plaintiff contends that the federal prosecutor "is definately [sic] also a relevant participant in my complaint for malicious prosecution" because he "recharged [Plaintiff] federally" after the state court charges were already filed. (Pl.'s Mot. to Am. ¶¶ 2-3, 5, ECF No. 42).

Rule 15(a)(1)(2) of the Federal Rules of Civil Procedure provides that the court should "freely give leave [to amend] when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). Nonetheless, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive,

1

prejudice, and futility.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.* 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.*

Although the Court recognizes that Plaintiff is pursuing this action *pro se*, and thus his motion is entitled to a more liberal construction, allowing amendment here would clearly be futile and result in undue delay. Prosecutors are entitled to absolute immunity for acts "intimately associated with the judicial phase of the criminal process." *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). To determine immunity, the Court must examine "the nature of the function performed, not the identity of the actor who performed it." *Id.* (citing *Forrester*, 484 U.S. at 229).

Here, in his motion to amend, Plaintiff has indicated that he wishes to sue the federal prosecutor for bringing federal charges against Plaintiff. Such actions are entirely related to his prosecutorial role in Plaintiff's criminal proceedings, and, therefore, the federal prosecutor is entitled to absolute immunity. *See Imbler*, 424 U.S. at 430 (holding that allegations of false testimony and suppressed material evidence were "intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force"). As a result, because this individual is immune from suit, allowing Plaintiff to amend the amended complaint to add this individual to the lawsuit would be futile. To that end, allowing amendment would also result in undue delay of several months because, as indicated above, there is also a separate pending motion to dismiss filed by the existing Defendants, which would be rendered moot if an amended complaint were allowed. Given the absolute immunity, the undue delay, and unnecessary expenses which the parties and the Court

would face if amendment were allowed, Plaintiff's motion to amend the complaint to add the federal prosecutor that charged Plaintiff in his criminal proceedings is denied.

**AND NOW**, this 30th day of March, 2015, the Court, having considered Plaintiff's to Motion to Amend the Amended Complaint (ECF No. 42), **IT IS HEREBY ORDERED THAT** said motion is **DENIED**.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

ERNEST HARRIS
07325-068
FCI Gilmer
PO Box 6000
Glenville, WV 26351