IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-279 |
| | ) | |
| JOHN DOE, BRIAN SCHMITT, | ) | |
| OFFICER OMALLEY, OFFICER | ) | |
| ZIGARELLA, OFFICER SPANGIER, | ) | United States Magistrate Judge |
| and REGINA MCDONALD, Chief of | ) | Cynthia Reed Eddy |
| Police, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**Cynthia Reed Eddy, United States Magistrate Judge**

**I.  Introduction**

This is a civil action for malicious prosecution initiated by *pro se* Plaintiff Ernest Harris.[1] Defendants have filed the pending motion to dismiss (ECF No. 30) and brief in support thereof (ECF No. 31), arguing that Harris has failed to state a claim because probable cause existed for his arrest and criminal prosecution, and the individual Defendants are entitled to qualified immunity.[2] For the reasons that follow, Defendants' motion is granted, and the amended complaint (ECF No. 16) is dismissed in its entirety with prejudice.[3]

---

[1] Although the amended complaint does not specifically state that relief is being sought pursuant to 42 U.S.C. § 1983, the Court construes it as such, given that it states Harris is seeking monetary relief for violation of his federal right to be free from malicious prosecution. Section 1983 creates a private cause of action for an individual who is deprived of a federal constitutional or statutory right by a state actor.

[2] This motion was filed only on behalf of Regina McDonald and Brian Schmitt because no other named Defendants were properly served at the time of filing. Defendant Spangler was subsequently served and joined in the motion with McDonald and Schmitt. (ECF No. 40 n. 1). Although the other named Defendants have not been made parties to this action, this analysis applies equally to them, as the grounds raised by the movants herein are common to all of the Defendants and Plaintiff has had the opportunity to respond. *See Coulter v. Unknown Probation Officer*, 562 F. App'x 87, 89 n. 2 (3d Cir. 2014).

1

## II. Standard of Review

### A. Pro Se Litigants

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997)*, overruled on other grounds by Abdul-Akbar v. McKelvie,* 239 F.3d 307 (3d Cir. 2001). Because Harris is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

The Federal Rules of Civil Procedure prescribe a notice pleading standard in which a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under this standard, the plaintiff must state a "plausible" claim for relief; that is, the pleaded factual content must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[3] In accordance with 28 U.S.C. § 636, all parties have voluntarily consented to have the undersigned conduct any and all proceedings in this matter, including trial and entry of final judgment. (ECF Nos. 32, 33, 35).

556 U.S. 662, 678 (2009). A plaintiff need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009). Nevertheless, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quotation marks and citations omitted). Further, while "[t]he District Court must accept the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Fowler*, 578 F.3d at 210. (citing *Iqbal*, 556 U.S. at 663). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In addition to the complaint itself, the Court may consider "exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Inds., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). "In considering external yet undisputably relevant and authentic documents, the court need not covert the motion to dismiss into a motion for summary judgment" under Rule 12(d). *Reginella Const. Co., Ltd. v. Travelers Cas. And Sur. Co. of America*, 949 F.Supp.2d 599, 609 (W.D.Pa. 2013) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

Moreover, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

**III.    Procedural and Factual Background**

In Harris' *pro se* amended complaint, he claims that he was subjected to malicious prosecution by the above-captioned Defendants in connection with the execution of a search warrant at the premises located at 8 Roberts St., Pittsburgh Pennsylvania, 15219. (ECF No. 16 at 2). The amended complaint contains a single paragraph of factual allegations, as follows:

> Brian Schmitt, OMalley [*sic*], Spangler, Zigerella are Officers of the Pittsburgh Police Department along with the Chief of Police Regina McDonald[. They] charged me with possession of ammunition [under 18 U.S.C. § 922(g)(1)] even though I wasn't present and 5 other people receved [*sic*] mail at the residence. They maliciously prosecuted me. I was found not guilty by jury of the charges.

(*Id.*).

Because a plaintiff's claim for malicious prosecution is necessarily dependent upon an examination of the entire criminal proceeding, *Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009), and because the amended complaint is so lacking in factual allegations and detail, the Court will refer to the underlying court documents and filings associated with the criminal proceeding.

On August 24, 2011, Harris was indicted by a federal grand jury on two counts – (1) unlawful possession of ammunition by a convicted felon, and (2) unlawful possession of a firearm by a convicted felon – in violation of 18 U.S.C. § 922(g)(1). *See United States v. Harris*, Crim. No. 11-196, (ECF No. 1). On December 20, 2011, after conducting a hearing on the issue, the Honorable Nora Barry Fischer of this Court accepted Harris' change of plea to nolo contendre, over the Government's objection, as to Count Two only. *Id.*, (ECF Nos. 31–33, 64). Sentencing was delayed until after Harris had his trial on Count One.

The Court held a hearing on pre-trial motions on April 24, 2012. *Id.,* (ECF Nos. 67-69). On August 6, 2012, the Court denied Harris' motion to suppress the ammunition obtained by the

Pittsburgh Police officers at 8 Roberts Street, finding that the warrant was supported by probable cause and that Harris failed to establish that the affidavit in support of the warrant contained a false statement with knowing or reckless disregard for the truth. *Id.*, (ECF Nos. 78-9); *see also* 884 F.Supp.2d 383 (W.D. Pa. 2012). On September 11, 2012, the Court denied Harris' motion in limine to the extent that he was seeking to exclude evidence of a robbery committed at Big Toms Barber Shop on July 30, 2010, and Harris' subsequent arrest that same day nearby 8 Roberts Street, the location where the search warrant was executed and the subject ammunition was seized by law enforcement. *Id.*, (ECF No. 106); *see also* 2012 WL 3962651 (W.D. Pa. 2012).

In the foregoing memoranda, Judge Fischer thoroughly set forth findings of fact, most of which need not be recounted here. Relevant to the instant matter, Judge Fischer discussed the following:

> On [July] 30, 2010, [Harris] committed an armed robbery of Big Toms Barber Shop in the Hill District. [Harris] told the owner of the barber shop that he should pay him money for security for his business. The owner refused, and Defendant left. He later returned with a black and silver semiautomatic pistol. He pointed the pistol at the owner, punched him in the face, cocked the firearm and told him to give him money and a ring he was wearing. The owner acquiesced and turned over these items to [Harris]. [Harris] commented that the owner "should have gave him money for security" and then fled the scene in a red SUV driving toward downtown Pittsburgh on Centre Avenue. He was apprehended by Pittsburgh Police later that evening on Roberts Street about a block from the 8 Roberts Street residence.
>
> These events precipitated the police officers' acquisition of the search warrant on [July] 31, 2010 as described above and the eventual search of 8 Roberts Street for the purpose of finding the firearm used during the offense, the cash and the ring. The firearm which was used in the commission of this offense was apparently never recovered by police. But, the ammunition which is charged at Count One was seized during this search.

2012 WL 3962651, at *3-4. "In addition to the ammunition, several other items were seized from the residence during the search including: (1) a bag of suspected cocaine; (2) a digital scale;

5

(3) silver spoons & syringe; (4) indicia; and (5) several wallets," which resulted in charges being brought against Harris in state court. *Id.* at \*3 n. 4. On December 7, 2010, Harris pled guilty to a lesser charge of possession of drug paraphernalia and disorderly conduct, and the more serious charges were dismissed. *Id.*

Harris argued in his suppression motion that the underlying warrant and affidavit lacked a link between the robbery that occurred at Big Toms Barber Shop and 8 Roberts Street where the ammunition was seized. However, the Court identified "several reasonable inferences from the facts which establish a nexus between the evidence from the robbery and the location of the search in this case." 884 F.Supp.2d at 394. After rejecting each of Harris' specific challenges to the warrant and affidavit, the Court dismissed Harris' general challenge that probable cause was lacking. *Id.* When considering the totality of the circumstances, the Court found that the warrant was supported by probable cause. *Id.* In the present action, Harris simply reasserts this same argument that was already comprehensively analyzed and rejected by Judge Fischer.

A three-day jury trial on Count One was held on September 12, 13, and 17, 2012. *Harris*, Crim. No. 11-196, (Text-Only Minute Entries). On September 13, 2012, Harris made an Oral Motion and a Renewed Oral Motion for Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure, which were orally denied by the Court. *Id.*, (Text-Only Minute Entry from 9/13/2012). After deliberating, the jury returned a verdict of not guilty as to Count One in favor of Harris. *Id.*, (ECF Nos. 113, 115). Thereafter, on February 15, 2013, Harris was sentenced to a prison term of ten years in connection with his nolo contrendre plea regarding Count Two, and was remanded to the custody of the United States Marshal. *Id.*, (ECF No. 131). Harris appealed his sentence, which was affirmed by the Third Circuit. *See* 751 F.3d 123 (3d Cir. 2014).

Harris initiated the present action on March 4, 2014 with the filing of a motion to proceed *in forma pauperis*; his complaint was filed on March 6, 2014. Thereafter, Harris filed an amended complaint on July 28, 2014. (ECF No. 16). Defendants filed the pending motion to dismiss on January 6, 2015, (ECF No. 30) and brief in support thereof (ECF No. 31), to which Harris responded on January 30, 2015 (ECF No. 36)[4] and Defendants replied on February 20, 2015. (ECF No. 39). The matter has been fully briefed,[5] and is ripe for disposition.

## IV. Discussion

To establish malicious prosecution under § 1983, the plaintiff bears the burden of establishing the following elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Kossler*, 564 F.3d at 186 (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

Defendants primarily argue that Plaintiff cannot establish the third element – lack of probable cause – in this case. Defendants appropriately note that with respect to Count One (the ammunition charge), Plaintiff was indicted by a federal grand jury, and this Court issued pre-trial and post-trial rulings finding that there was probable cause and sufficient evidence for the

---

[4] This response also contained a motion to "strike surplusage." The Court advised Harris on February 5, 2015 that "such a request cannot be contained in a Response, and must separately be filed as a motion." Harris then filed a motion to strike surplusage on February 13, 2015, which was denied by the Court on February 17, 2015.

[5] The Court notes that on March 19, 2015, after briefing was complete, Harris sought leave of court to file a second amended complaint, wishing to add the federal prosecutor in his criminal proceeding as a party to this action. On March 20, 2015, the Court denied this motion because amendment would have been futile and caused undue delay, as this individual was entitled to absolute immunity relating to Harris' allegations. (ECF No. 43).

ammunition charge to be presented to the jury. In response, Harris argues that there was no probable cause because he was found not guilty at his jury trial on the Count One charge. The Court agrees with Defendants.

At the outset, the Court notes that Harris' theory erroneously conflates the standards of proof beyond a reasonable doubt, which is required to attain a criminal conviction, and probable cause, the less onerous standard applicable here. Contrary to Harris' allegations, the fact that he was found not guilty by proof beyond a reasonable doubt with respect to Count One does not necessarily establish that there was not probable cause to get a search warrant or bring that charge. *See United States v. Miknevich*, 638 F.3d 178, 182 (3d Cir. 2011) (proof beyond a reasonable doubt is not required when making a probable cause determination). Indeed, for purposes of a § 1983 malicious prosecution claim, "a grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute," which may only be "rebutted by evidence that the presentment was procured by fraud, perjury or other corrupt means." *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989). Harris has made no allegations and there is no evidence to suggest that the grand jury indictment in his criminal proceeding was in any way procured by fraud, perjury, or other corrupt means.

Furthermore, Judge Fischer independently reviewed the applicable record facts and concluded that the warrant and affidavit were supported by probable cause. *Harris*, 884 F.Supp.2d at 392-395. In fact, Harris' exact arguments here were raised, addressed, and rejected. Specifically, Judge Fischer dismissed Harris' contention that probable cause did not exist because there is no connection or link between the location where the robbery occurred and the residence where the search was executed. *See id.*; 2012 WL 3962651. The Court adopts this sound, well-reasoned analysis in finding that there was probable cause to search the residence at

8 Roberts Street, which resulted in the confiscation of the subject ammunition and Harris being charged at Count One. Accordingly, because Harris is unable to establish that the criminal proceeding was initiated without probable cause, the amended complaint must be dismissed in its entirety.

Moreover, in their reply brief, Defendants contend that Harris cannot satisfy the second element of his malicious prosecution claim, favorable termination. "When the circumstances – both the offenses as stated in the statute and the underlying facts of the case – indicate that the judgment as a whole does not reflect the plaintiff's innocence, then the plaintiff fails to establish the favorable termination element." *See Kossler*, 564 F.3d at 188. Here, when viewing the circumstances of the criminal proceeding as a whole, the judgment certainly does not reflect Harris' innocence. While Harris was found not guilty of Count One, he was sentenced to a ten-year prison term under Count Two for violation of the same section of the statute based upon the same underlying facts and events. As such, the fact that the favorable termination element is absent constitutes an independent reason for dismissal of the amended complaint in its entirety.

Defendants also appropriately argue that they are entitled to qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because Harris cannot establish that any of the Defendants violated his constitutional or statutory rights, Defendants are also entitled to qualified immunity.

Finally, the Court notes that because this is a civil rights case, a plaintiff is generally entitled to amend his complaint, so long as it would not be inequitable or futile to do so. *See*

*Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). In this case, allowing amendment would be futile because the pleading, as amended, would nonetheless fail to state a claim upon which relief could be granted. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). There is no set of facts that Harris could allege that would entitle him to relief for a § 1983 malicious prosecution claim as a result of being charged at Count One in the criminal proceeding. Accordingly, the amended complaint is appropriately dismissed with prejudice.

**V.     Conclusion**

Based on the foregoing, Defendants' motion to dismiss (ECF No. 30) is granted. The amended complaint (ECF No. 16), which consists of a single count averring malicious prosecution, is dismissed in its entirety with prejudice. An appropriate Order follows.

Dated: <u>August 13, 2015.</u>               By the Court:

<u>/s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc:     all registered counsel via CM-ECF

ERNEST HARRIS
07325-068
FCI Gilmer
PO Box 6000
Glenville, WV 26351

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-279 |
| | ) | |
| JOHN DOE, BRIAN SCHMITT, | ) | |
| OFFICER OMALLEY, OFFICER | ) | |
| ZIGARELLA, OFFICER SPANGIER, | ) | United States Magistrate Judge |
| and REGINA MCDONALD, Chief of | ) | Cynthia Reed Eddy |
| Police, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**AND NOW**, this 13th day of August, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** that Defendants' Motion to Dismiss (ECF No. 30) is **GRANTED**, and that the Amended Complaint (ECF No. 16) is **DISMISSED WITH PREJUDICE.** The Clerk of Court shall mark the **CASE CLOSED**. In accordance with Rules 3 and 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal with regard to this Order.

By the Court:

/s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

ERNEST HARRIS
07325-068
FCI Gilmer
PO Box 6000
Glenville, WV 26351